# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2639

_____

United States of America,

        Appellee,

v.

Corteze Edwards,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: October 22, 2009
Filed: October 27, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Corteze Edwards appeals the sentence the district court[1] imposed after he pleaded guilty to an attempted-bank-robbery charge. In a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), his counsel argues that although Edwards waived his right to appeal his sentence, it is possible that Edwards did not waive his rights knowingly and voluntarily, and that enforcement of the appeal waiver would result in a miscarriage of justice because Edwards was unjustly penalized in light of his minimal involvement in the incident.

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

In the plea agreement, the parties agreed that Edwards's sentencing range would be 292-365 months, which was below the applicable Guidelines range, and the parties waived their rights to appeal all sentencing issues if the court sentenced Edwards within the agreed-upon range. The court sentenced Edwards at the bottom of the range to 292 months in prison. We will enforce the appeal waiver here. The record reflects that Edwards understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; the direct appeal falls within the scope of the waiver; and no injustice would result. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), for any nonfrivolous issue not covered by the waiver, we find none. Accordingly, we dismiss the appeal, grant counsel leave to withdraw, and deny Edwards's motion for new appellate counsel.

_____